IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. CR 19-1989 JB

ROBERT ALDERETE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Report, filed April 7, 2021 (Doc. 71)("Objections"). The primary issues are: (i) whether the Court should calculate the base-offense level under the "cross-reference" provision, U.S.S.G. § 2K2.1(c)(1), because Defendant Robert Alderete "used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense," U.S.S.G. § 2K2.1(c)(1); and (ii) if the cross-reference does not apply, whether Alderete's prior State court conviction for conspiracy to traffic controlled substances is a "controlled substance offense," as U.S.S.G. § 4B1.2 defines that term. The Court concludes that: (i) the cross-reference applies, because the phrase "cited in the offense of conviction" refers to whether the firearm forms the basis for the conviction and not whether the charging document specifically identifies the firearm; and (ii) the conspiracy to traffic a controlled substance (by possession with intent to distribute) in violation of N.M.S.A. § 31-31-20(A)(3), is a "controlled substances offense" for purposes of U.S.S.G. § 2B1.2(b). The Court therefore overrules the Objections.

    When police officers searched Alderete's Land Rover SUV on February 27, 2019, they uncovered, not just the two loaded firearms that give rise to the first felon-in-possession charge

under 18 U.S.C. § 922(g)(1) -- a Glock G31 .357 caliber pistol and a Glock G22 .40 caliber pistol -- but also two-and-a-half pounds of methamphetamine, $10,370.00 in cash, a digital scale, drug ledger, marijuana in small bags, ammunition, checks, and credit cards in various names. See PSR ¶ 14, at 6.  On May 3, 2019, police officers responded to a call that alleged a man had pointed a gun at the caller and his child.  See PSR ¶ 15, at 6.  When the officers arrived, they found Alderete sitting in his car, a tan Infiniti with a temporary license plate.  See PSR ¶ 15, at 6.  After learning that Alderete was wanted on a misdemeanor warrant, the officers arrested him.  See PSR ¶¶ 16-17, at 6.  The officers found a round of ammunition, a small bag containing a white rock, a second small bag containing a "white powdery substance," four pills of Alprazolam,[1] $1,485.00 in cash, a United States Postal Service master key, and "various ID documents that did not belong to him." PSR ¶ 17, at 6.  A search of Alderete's vehicle uncovered two more firearms -- a loaded Springfield Armory Model XDs .40 caliber pistol and a Glock Model 42, .380 caliber pistol -- as well as a backpack containing items "consistent with drug paraphernalia" and two small bags of a brown powdery substance that officers suspected to be heroin.  PSR ¶¶ 18-19, at 6.  Alderete's second felon-in-possession charge under 18 U.S.C. § 922(g)(1) arises from this second incident.  See PSR ¶ 1, at 4; Id. at ¶¶ 15-22, at 6-7.

I.  **THE CROSS-REFERENCE APPLIES, BECAUSE "CITED IN THE OFFENSE OF CONVICTION" PRESENTS THE ISSUE WHETHER THE FIREARM IS THE BASIS OF THE CONVICTION, AND NOT WHETHER THE CHARGING DOCUMENT MENTIONS THE FIREARM.**

First, Alderete argues in the Objections that the Presentence Investigation Report, filed

---

[1] Alprazolam is a benzodiazepine that is "used to treat anxiety disorders, panic disorders, and anxiety caused by depression," and is thought to work "by enhancing the activity of certain neurotransmitters in the brain."  Alprazolam, Drugs.com (las accessed July 15, 2021), https://www.drugs.com/alprazolam.html.

March 8, 2021 (Doc. 69)("PSR"), improperly uses the cross-reference, see United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(c)(1), to determine Alderete's base-offense level, because the firearm that triggers the cross-reference "was not 'cited in the offense of conviction' as required by the guideline," Objections at 2 (no citation for quotation). Alderete notes that the Superseding Indictment, filed November 20, 2019 (Doc. 29)("Indictment"), does not cite or otherwise describe any firearm in any detail. Objections at 3. Alderete argues that, because the Indictment does not "cite" a firearm, it is inappropriate to use the cross-reference to calculate Alderete's base-offense level. Objections at 3. Plaintiff United States of America counters that the "arguably common sense conclusion" is that the phrase "cited in the offense of conviction" means that the cross-reference applies when "the firearm on which the current offense of conviction is based must be the *same* firearm that was used or possessed in the related offense." United States' Sentencing Memorandum at 4, filed May 27, 2021 (Doc. 73)("US Memo."). The Court concludes that the cross-reference applies, because "cited in the offense of conviction" refers to whether the firearms serves as the basis of the conviction, not whether the charging document refers to the firearm.

    Section 2K2.1(c)(1) of U.S.S. G. states the "cross-reference" provision:

(1)     If the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition cited in the offense of conviction with knowledge or intent that it would be used or possessed in connection with another offense, apply –

    (A)     § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above; or

    (B)     if death resulted, the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater than that determined above.

U.S.S.G. § 2K2.1(c).  The Commentary to Sentencing Guidelines explains when § 2K2.1(c)(1) applies:

> (A)   In General. --Subsections (b)(6)(B) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively. However, subsection (c)(1) contains the additional requirement that the firearm or ammunition be cited in the offense of conviction.
>
> (B)   Application When Other Offense is Burglary or Drug Offense. -- Subsections (b)(6)(B) and (c)(1) apply: (i) in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary; and (ii) in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In these cases, application of subsections (b)(6)(B) and, if the firearm was cited in the offense of conviction, (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively.

U.S.S.G. § 2K2.1, cmt. n.14(A)-(B).

Although the United States Court of Appeals for the Tenth Circuit has not elaborated on the meaning of "cited in the offense of conviction" in U.S.S.G. § 2K2.1(c)(1), the United States Court of Appeals for the Eighth Circuit has stated that "[t]he cross-reference applies where a defendant is convicted of unlawfully possessing a shotgun and used the same shotgun in connection with a robbery eight months earlier." United States v. Edger, 924 F.3d 1011, 1014 (8th Cir. 2019), cert. denied, 140 S. Ct. 420 (2019).  The Eighth Circuit has concluded that the cross-reference does not apply, however, where a defendant is "convicted of unlawfully possessing a shotgun and used a *handgun* in connection with a robbery eight months earlier," because the "handgun was not 'cited in the offense of conviction.'" United States v. Edger, 924 F.3d at 1014 (quoting U.S.S.G. § 2K2.1, cmt. n.14(E)(ii))(emphasis in original).  The Eighth Circuit concludes that the phrase "cited in offense of conviction," therefore, "depends on whether the firearm formed the basis for the conviction, not whether the firearm was specifically identified in the charging

document." United States v. Edger, 924 F.3d at 1014-15. See United States v. Aberant, 741 F. App'x 905, 908 (4th Cir. 2018)("Nothing in the Guideline or the commentary requires that the firearm must be specifically identified in the charging document in order for the cross reference to apply."). United States v. Singleton, No. CR-15-12, 2019 WL 6492854, at *6 (E.D.La. Dec. 3, 2019)(Barbier, J.)("The ultimate determination of relationship between the firearm [and] the other offense is still a 'factual determination,' not a formulaic requirement that the individual firearm be cited with specificity in the charging document.")(quoting United States v. Hernandez, 738 F. App'x 307 (5th Cir. 2018)(per curiam)); United States v. Scheiblich, 346 F. Supp. 3d 1076, 1080 (S.D.Ohio 2018)(Marbley, J.)("The pertinent question, then, is whether the Government proved that the revolver in the offense of conviction was also used during the course of conduct alleged in state court.").

Alderete does not dispute that the firearms the officers found in his Land Rover SUV on February 27, 2019 -- a Glock .40 caliber pistol and a Glock .357 caliber pistol -- and in his Tan Infiniti on May 3, 2019 -- a loaded Springfield Armory Model XDs .40 caliber pistol and a Glock Model 42 .380 caliber pistol -- were the same firearms which he had while also possessing various drug paraphernalia, including 2.5 pounds of methamphetamine. See Objections at 1-3PSR ¶ 22, at 7; Plea Agreement ¶ 9, at 4, filed January 5, 2021 (Doc. 67)("Plea"). The objection is, therefore, not one of fact, but a legal one that the cross-reference does not apply, because the Indictment does not describe the firearms. See Objection at 3-8; Indictment at 1-3. This objection lacks a sound basis in the relevant law and applied facts. The Commentary to the Sentencing Guidelines explains that the cross-reference applies when the firearm that forms the basis of the offense at issue is the same one used in another offense. See U.S.S.G. § 2K2.1, cmt. n.14.

Although the Tenth Circuit has not elaborated specifically on the meaning of 'cited in the

offense of conviction," it has applied the cross-reference when a defendant used the same firearm that gave rise to once charge to engage in conduct that could have given rise to other charges.  See United States v. Rico, 2021 WL 2816698 (10th Cir. 2021).  In United States v. Rico, the defendant pleaded guilty to one count of possessing a firearm as a felon in possession under 18 U.S.C. § 922(g)(1) for "firing several shots in the late hours of the night across a busy downtown Denver street," hitting someone across the street.  2021 WL 2816698 at *1.  The Tenth Circuit upheld the application of the cross-reference for attempted murder for the same incident.  See United States v. Rico, 2021 WL 2816698 at *1-3.  The Court predicts, therefore, that the Tenth Circuit would agree with the Eighth Circuit and the other courts that have addressed this issue.  The Court concludes that, because the same firearms which give rise to Alderete's two felon-in-possession charges under 18 U.S.C. § 922(g)(1) are the same firearms he had while possessing two-and-a-half pounds of methamphetamine and various drug paraphernalia, Alderete "used or possessed" a firearm "cited in the offense of conviction in connection with the commission or attempted commission of another offense."  U.S.S.G. § 2K2.1(c).  See United States v. Edger, 924 F.3d at 1014.

**II.   ALDERETE'S STATE CONVICTION FOR CONSPIRACY TO TRAFFIC CONTROLLED SUBSTANCES IS A "CONTROLLED SUBSTANCE OFFENSE" UNDER U.S.S.G. § 4B1.2, BECAUSE INCLUDING INCHOATE OFFENSES IS WITHIN THE SENTENCING COMMISSION'S AUTHORITY, AND N.M.S.A. § 30-31-20 DOES NOT CRIMINALIZE MORE CONDUCT THAN U.S.S.G. § 4B1.2 DESCRIBES.**

Second, Alderete argues that, if the Court calculates his sentence under U.S.S.G. §§ 2K2.1(a) and (b), that it should use a base-offense level of 14 under U.S.S.G. § 2K2.1(a)(6), because his prior state court conviction is not a "controlled substance offense," as U.S.S.G. § 4B1.2. defines that term. Objection at 8, 11. Specifically, Alderete contends that the Sentencing Guideline commentary, which explicitly states that "controlled substance offense" includes "the

offenses of aiding and abetting, conspiring, and attempting to commit such offenses," U.S.S.G. § 4B1.2, cmt. n.1, is "invalid," because it "expands the reach of the substantive guideline," Objection at 9.  This objection thus raises two distinct issues: (i) whether the Guideline commentary is valid; and (ii) if the commentary is valid, whether Alderete's state conviction qualifies as a "controlled substances offense" under U.S.S.G. § 4B1.2.  The Court concludes: (i) that the commentary is valid, because including inchoate offenses in the definition of "controlled substance offense" is within United States Sentencing Commission's authority; and (ii) under the modified categorical approach, Alderete's state conviction is a "controlled substance offense" under U.S.S.G. § 4B1.2.  Alderete's state conviction does not, however, affect the calculation of his base-offense level, because the Court determines that the U.S.S.G. § 2K2.1(c)(1) cross- reference applies.

> **A.   THE SENTENCING COMMISSION HAS THE AUTHORITY TO INCLUDE INCHOATE OFFENSES WITHIN THE DEFINITION OF "CONTROLLED SUBSTANCE OFFENSE".**

In 2015, Alderete was convicted of conspiracy to traffic controlled substances, in violation of N.M.S.A. § 30-31-20.  See State of New Mexico v. Alderete, Case No. D-202-CR-2013-04193, County of Bernalillo, Second Judicial District Court, State of New Mexico, filed Sept. 6, 2013. The commentary to U.S.S.G. § 4B1.2 states that a "controlled substance offense" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."  U.S.S.G. § 4B1.2, cmt. n. 1.  Alderete contends that the Sentencing Commission, however, does not have the authority to add inchoate crimes to the definition of a "controlled substance offense." Objections at 9.  In the Objections, Alderete argues that "[f]ive Circuit Courts have considered the specific question of whether the commentary to [U.S.S.G. § 4B1.2] can add inchoate crimes to the definition of a controlled substance offense," and "all five courts . . . have concluded that this is

an improper exercise of the Commission's power."[2]  Objections at 9.  In the Objections, Alderete

---

[2]The Objections correctly state that other Courts of Appeals have concluded that inchoate crimes are not within the definition of "controlled substance offenses."  Objections at 9.  See United States v. Nasir, 982 F.3d 144, 1600 (3rd Cir. 2020)(en banc)("[W]e conclude that inchoate crimes are not included in the definition of 'controlled substance offenses' given in 4B1.2(b) of the sentencing guidelines."); United States v. Havis, 927 F.3d 382, 287 (6th Cir. 2019)("The Guidelines' definition of 'controlled substance offense' does not include attempt crimes."); United States v. Winstead, 890 F.3d 1082, 1091 (D.C. Cir. 2018)("Section 4B1.2(b) presents a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses.")(no citation for quotation).  Alderete mischaracterizes, however, several authorities he cites.  See Objections at 9-10 (citing United States v. Shell, 789 F.3d 335 (4th Cir. 2015) for the proposition that courts have considered the "specific question of whether the commentary to U.S.S.G. § 4B1.2 can add inchoate crimes to the definition of a controlled substance offense").  For example, in United States v. Shell, the United States Court of Appeals for the Fourth Circuit did not ask whether inchoate offenses qualify as "controlled substances offenses" under U.S.S.G. § 4B1.2.  See 789 F.3d 335.  Rather, the Fourth Circuit asked "whether the full range of conduct covered by North Carolina's second-degree rape statute, 'including the most innocent conduct,' would qualify as a crime of violence for purposes of the § 4B1.2 enhancement." United States v. Shell, 389 F.3d at 339 (quoting United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008)).  The phrase "controlled substance offence" does not appear in the opinion.  See 789 F.3d 335-358.  Moreover, the focus of the Fourth Circuit's analysis was on the categorical approach, not the scope of the commentary.

Similarly, the Objections cite United States v. Swinton, 797 F. App'x 589 (2d Cir. 2019), for the same proposition -- that Courts of Appeals have considered the "specific question of whether the commentary to [U.S.S.G. § 4B1.2] can add inchoate crimes to the definition of a controlled substance offense." Objections at 9-10.  The Objections' representation of United States v. Swinton is not correct.  In United States v. Swinton, the United States Court of Appeals for the Second Circuit did not consider the scope of "controlled substance offense" and explicitly declined to consider a similar question: "Whether the career offender Guideline applies in Swinton's case is a serious question with serious consequences . . . Neither the parties nor the District Court have fully addressed the question in this case. They should have the opportunity to do so before we opine on the issue."  797 F. App'x at 602.

Moreover, the Objections do not discuss the nine Courts of Appeals -- including the Tenth Circuit -- that have concluded that inchoate crimes properly are included in the definition of "controlled substance offense."  United States v. Piper, 35 F.3d 611, 618-19 (1st Cir. 1994)(holding that the Sentencing Commission "has lawful power to write the definitions of 'crime of violence' and 'controlled substance offense' to include certain conspiracy convictions"); United States v. Lewis, 963 F.3d 16, 21 (1st Cir. 2020)(explaining that the defendant's arguments "run headfirst into our prior holdings that 'controlled substance offenses' under § 4B1.2 include so-called inchoate offenses such as conspiring to distribute controlled substances").  See United States v. Richardson, 958 F.3d 151, 155 (2d Cir. 2020)("The Sentencing Commission adopted an interpretation of § 4B1.2 that is not inconsistent with the guideline when it concluded that an offense that forbids 'aiding and abetting, conspiring, and attempting to' manufacture, import, export, distribute, or dispense a controlled substance is an offense that 'prohibits' those

activities.")(quoting U.S.S.G. § 4B1.2 cmt. n.1); United States v. Kennedy, 32 F.3d 876, 891 (4th Cir. 1994)("We believe that the Commission did not exceed its statutory authority in including conspiracy within the definition of 'controlled substance offense' in § 4B1.2, and accordingly hold that such conspiracy convictions may serve as career offender crimes."); United States v. Morsley, 64 F.3d 907, 915, n.6 4th Cir. 1995)(rejecting the argument that the Sentencing Commission exceeded its statutory authority when it authorized "enhanced 'career offender' sentences for defendants with prior drug conspiracy convictions or whose instant offense is a drug conspiracy conviction"); United States v. Mack, 2021 WL 2521349, at *4 (5th Cir. 2021)("We long ago held that § 4B1.1 career-offender enhancement lawfully includes inchoate offenses.")(citing United States v. Lightbourn, 115 F.3d 291, 293 (5th Cir. 1997)); United States v. Kendrick, 980 F.3d 432, 444 (5th Cir. 2020)(rejecting an argument that "conspiracy convictions should not qualify as 'controlled substance offense[s]' under § 4B1.1(a)," because United States v. Lightbourn "remains binding")(quoting U.S.S.G. § 4B1.1(a)); United States v. Adams, 934 F.3d 720, 729-30 (7th Cir. 2019)(concluding that the "application note's inclusion of conspiracy" in the definition of controlled substance offense does "not conflict with the text of the Guideline itself"); United States v. Mendoza-Figueroa, 975 F.3d 700, 694 (8th Cir. 1995)("[W]e conclude that U.S.S.G. § 4B1.2, comment. (n.1), is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority.  Because this commentary interprets § 4B1.2 as including drug conspiracies, the district court properly determined that Mendoza-Figueroa should be sentenced as a career offender."); United States v. Webster, 844 F. App'x 937, 939 (8th Cir. 2021)(mem.)("[United States v.] Mendoza-Figueroa remains binding on us . . . . Under Application Note 1 to § 4B1.2(b), [the defendant's] 1998 Wisconsin drug conviction is a 'controlled substance offense' even though the statute of conviction criminalizes inchoate offenses."); United States v. Vea-Gonzales, 999 F.2d 1326, 1330 (9th Cir. 1993) (explaining that § 4B1.2 and its "commentary are perfectly consistent"), overruled on other grounds by Custis v. United States, 511 U.S. 485 (1994); United States v. Crum, 934 F.3d 963, 966-67 (9th Cir. 2019)(explaining that it is "troubled that the Sentencing Commission has exercised its interpretive authority to expand the definition of 'controlled substance offense' in this way, without any grounding in the text of § 4B1.2(b) and without affording any opportunity for congressional review," but explaining that "We are nonetheless compelled" by United States v. Vea-Gonzales, 999 F.2d 1327, to conclude that "the term controlled substance offense' as defined in § 4B1.2(b) encompasses both solicitation and attempt offenses"); United States v. Chavez, 660 F.3d at 1228 ("We conclude that the Commission acted within this broad grant of authority in construing attempts to commit drug crimes as controlled substance offenses for purposes of determining career offender status."); United States v. Martinez, 602 F.3d 1166 (10th Cir. 2010)(concluding that the commentary to § 4B1.2 is valid, because "it can be reconciled with the language of" § 4B1.2"); United States v. Smith, 51 F.3d 1031, 1031-32 (11th Cir. 1995)(explaining that the § 4B1.2 "commentary does not run afoul of the Constitution, or . . . a federal statute; nor is it inconsistent with, or a plainly erroneous reading of, section 4B1.1 of 4B1.2"); United States v. Weir, 51 F.3d 1031, 1031-32 (11th Cir. 1995)("We hold that a conviction of conspiracy to possess with intent to distribute marijuana is a 'controlled substance offense' for purposes of career criminal sentence enhancement under section 4B1.1 . . . ."). Although the Objections suggest that the United States Court of Appeals for the Second Circuit and the United States Court of Appeals for the Fourth Circuit have "concluded that" adding inchoate crimes to § 4B1.2 "is an improper exercise of the Commission's power," as discussed above, the cases it cites do not support that proposition.  Objections at 9.  In fact, both the Second

Circuit and Fourth Circuits have held the opposite.  See United States v. Richardson, 958 F.3d at 155; United States v. Kennedy, 32 F.3d at 891; United States v. Morsley, 64 F.3d at 915.  It is true that the Tenth Circuit has not answered the narrow question whether a state conspiracy offense qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2.  The Tenth Circuit has, however, addressed the broader question of whether the Sentencing Commission is within its authority to include inchoate offenses within its definitions on at least four occasions.  See United States v. Chavez, 660 F.3d 1215 (10th Cir. 2011); United States v. Martinez, 602 F.3d 1166; United States v. Allen, 24 F.3d 1180, 1186 (10th Cir. 1994)(rejecting the argument that prior federal convictions for conspiracy to import marijuana and conspiracy to possess with intent to distribute a controlled substance could not satisfy the definition of a controlled substance offense because the Sentencing Commission "exceeded" its statutory mandate "when it included conspiracy as a qualifying offense in the guidelines."); United States v. Cortez, 72 F. App'x 805, 806 (10th Cir. 2003)("The Commission acted within its authority to include inchoate offenses as predicates for career offender status.").

The Court agrees that the Sentencing Commission is within its authority to include inchoate offenses within the definition of U.S.S.G. § 4B1.2.  Commentary to the Sentencing Guidelines is "akin to an agency's interpretation of its own legislative rules," Stinson v. United States, 508 U.S. 36, 45 (1993), so it "must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'"  Stinson v. United States, 508 U.S. at 45 (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).  Commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  Stinson v. United States, 508 U.S. at 38.  As the Court explained recently:

> The Sentencing Commission's commentary to the U.S.S.G. is "authoritative." Stinson v. United States, 508 U.S. at 38.  U.S.S.G. § 4B1.2(b) does not state explicitly that it excludes inchoate offenses. See U.S.S.G. § 4B1.2(b). The Court, therefore, agrees with the Tenth Circuit that "the guideline which the commentary interprets will bear the construction." Stinson v. United States, 508 U.S. at 46.
>
> . . . .
>
> "Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it ... is inconsistent with, or a plainly erroneous reading of, that guideline."  Stinson v. United States, 508 U.S. at 38. Specifically, the Sentencing Commission may issue "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in" 18 U.S.C. § 3553(a)(2).  28 U.S.C. § 994.  As the Sentencing Commission explains:
>
>> The Commentary that accompanies the guideline sections may serve a number of purposes. First, it may interpret the guideline or explain how it is to be applied. Failure to follow such commentary could

- 10 -

does not cite to the Tenth Circuit.  See Objections at 1-11.

---

> constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal. *See* 18 U.S.C. § 3742.
>
> U.S.S.G. § 1B1.7 (Significance of Commentary). Here, the Sentencing Commission's Application Note including attempt crimes under its controlled substance definition is a reasonable interpretation of U.S.S.G. § 4B1.2(b). See Chavez, 660 F.3d at 1228. . . . Accordingly, interpreting the Guideline in the light of the authoritative interpretation in Application Note 1, the Court concludes that Johnson's conviction for "attempted possession with intent to distribute heroin," PSR ¶ 29, at 6, is a "controlled substance offenses" under U.S.S.G. § 4B1.2(b).

United States v. Johnson, No. CR 18-0220 JB, 2021 WL 53338, at *21-22, n.7 (D.N.M. Jan. 6, 2021)(Browning, J.)

The Court disagrees with the Third Circuit's conclusion that U.S.S.G. § 4B1.2's definition of "controlled substance offense" does not include inchoate crimes.  United States v. Nasir, 982 F.3d at 160.  The Third Circuit relies on Kisor v.Wilkie, 139 S. Ct. 2400 (2019) to support its conclusion that there are "limits to deference."  United States v. Nasir, 982 F.3d at 158.  The Third Circuit states: "In Kisor, the [Supreme] Court [of the United States] cut back on what had been understood to be uncritical and broad deference to agency interpretations of regulations and explained that Auer, or Seminole Rock, deference should only be applied when a regulation is genuinely ambiguous."  United States v. Nasir, 982 F.3d at 158 (citing Auer v. Robbins, 519 U.S. 451 (1997); Bowles v. Seminole Rock & Sand Co., 325 U.S. 410).  Kisor v. Wilkie, 139 S. Ct. 2400, does not cut back a court's deference to an agency's interpretations of its own regulations under Auer v. Robbbins, 519 U.S. 451, but "took pains to 'reinforce its limits,'" Schmidt v. Int'l Playthings LLC, No. CIV 19-0933 JB/SCY, 2021 WL 1701883, at *38, (D.N.M. April 29, 2021)(Browning, J.)(quoting Kisor v. Wilkie, 139 S. Ct. at 2408).  Kisor v.Wilkie, 139 S. Ct. 2400 states: "The deference doctrine we describe is potent in its place, but cabined in its scope."  139 S. Ct. at 2408.

The Court has previously expressed its concerns about Auer deference.  See, e.g., Mahon v. Agentra, 400 F. Supp 3d 1189, 1221-25 (D.N.M. 2019)(Browning, J.); Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv., 305 F.R.D. 256, 286-89 (D.N.M. 2015)(Browning, J.).  Auer deference remains the law of the land and, as a federal district court, the Court would apply it here.  The Third Circuit's decision to reverse its earlier decision in United States v. Hightower, 25 F.3d 183 (3d Cir. 1994), which held that inchoate crimes are covered by §§ 4B1.1 and 4B1.2, requires both a reading of Kisor v. Wilkie, 139 S. Ct. 2400 with which the Court does not agree, and an assumption that § 4B1.2 creates an exhaustive list of controlled substance offenses that cannot be clarified.  See United States v. Nasir, 982 F.3d at 160.  Treating the conspiracy or an attempt to distribute a controlled substance as a "controlled substance offense" is not "plainly erroneous or inconsistent with" the definition in U.S.S.G. § 4B1.2.  This interpretation is "reasonable," Kisor v. Wilkie, 139 S. Ct. at 2415, and not "plainly erroneous or inconsistent with" U.S.S.G. § 4B1.2, Stinson v. United States, 508 U.S. at 45.

The Sentencing Commission is within its authority to include inchoate offenses within its definitions.  See United States v. Allen, 24 F.3d 1180, 1186 (10th Cir. 1994)(explaining that 28 U.S.C. § 994(h) "merely declares Congressional intent that the crimes described therein *must* subject convicted defendant to enhanced penalties" and "does not, by mandating enhancement for certain crimes, preclude the Commission from enhancing others if it is within the Commission's grant of discretion to do so")(emphasis in United States v. Allen); United States v. Chavez, 660 F.3d 1215, 1228 (10th Cir. 2011)("We conclude that the Commission acted within this broad grant of authority in construing attempts to commit drug crimes as controlled substance offenses for purposes of determining career offender status."); United States v. Martinez, 602 F.3d 1166 (10th Cir. 2010)(concluding that the commentary to § 4B1.2 is valid because it "can be reconciled with the language of" § 4B1.2); United States v. Cortez, 72 F. App'x 805, 806 (10th Cir. 2003)("The Commission acted within its authority to include inchoate offenses as predicates for career offender status.")[3]; United States v. Johnson, No. CR 18-0220 JB, 2021 WL 53338, at *21 (D.N.M. January 6, 2021)(Browning, J.)("The Court . . . is bound by and agrees with the reasoning contained in Chavez.").  The Court is not free to depart from the Tenth Circuit's conclusions, and,

---

[3]The Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir.2005)(citations omitted). ).  The Court concludes that United States v. Cortez has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

if it were, on a clean slate, the Court would come to the same conclusion as the Tenth Circuit.  The Court is also not inclined to draw a distinction between conspiracy offenses and other inchoate offenses for the purpose of U.S.S.G. § 4B1.2.  The Court concludes, therefore, that the Sentencing Commission has the authority to include inchoate offenses within its definition of "controlled substance offense" under U.S.S.G. § 4B1.2.  See United States v. Johnson, 2021 WL 53338, at *22.

### B. UNDER THE MODIFIED CATEGORICAL APPROACH, CONSPIRACY TO TRAFFIC A CONTROLLED SUBSTANCE IN VIOLATION OF N.M.S.A. § 30-31-20 IS A CONTROLLED SUBSTANCE OFFENSE UNDER § 4B1.2.

Next, the Court must determine whether Alderete's prior conviction for conspiracy to traffic a controlled substance, in violation of N.M.S.A. § 30-31-20, meets the definition of "controlled substance offense" under § 4B1.2.  The Objections contend that the commentary to the definition of "controlled substance offense" is invalid, but do not present any argument that Alderete's prior state conviction for conspiracy to traffic a controlled substance in violation of N.M.S.A. § 30-31-20 is not within the definition of a "controlled substance offense" as the commentary to § 4B1.2 defines the phrase.  See Objections at 8-10.  Because, however, Alderete argues that his "prior conspiracy to commit trafficking conviction is not a 'controlled substance offense' and cannot be used to increase his base conviction level in this case,'" Objections at 10-11, the Court also addresses whether Alderete's conviction for conspiracy to traffic a controlled substance (by possession with intent) in violation of N.M.S.A. § 31-31-20(A)(3), is a "controlled substance offense" within the definition of § 4B1.2 -- including its commentary.  Because N.M.S.A. § 31-31-20(A)(3) does not criminalize more conduct than is within § 4B1.2's definition of "controlled substances offense," the Court concludes that Alderete's conviction for conspiracy to traffic a controlled substance (by possession with intent) in violation of N.M.S.A. § 31-31-

20(A)(3), is a "controlled substance offense" within the definition of § 4B1.2.

The Court must "apply a categorical/modified categorical analysis to determine whether [a defendant's] prior . . . conviction qualifies as a 'controlled substance offense' under U.S.S.G. § 4B1.2(b)." United States v. McKibbon, 878 F.3d 967, 971 (10th Cir. 2017). In its application, the "focus is on 'the elements of the statute of conviction and not on the particular facts underlying that conviction.'" United States v. McKibbon, 878 F.3d at 972 (quoting United States v. O'Connor, 874 F.3d 1147, 1151 (10th Cir. 2017)). The Court applies the categorical approach to indivisible statutes, but applies the modified categorical approach where the statute is divisible. See Descamps v. United States, 570 U.S. 254, 257-58 (2013)(noting that the modified categorical review is never appropriate where the prior conviction was pursuant to an indivisible statute). A statute is divisible when "it lists multiple, alternative elements, and so effectively creates several different crimes." United States v. Taylor, 843 F.3d 1215, 1220 (10th Cir. 2016)(internal quotations omitted). To determine whether the statute is divisible, first, the Court examines "'authoritative sources of state law,' including the statute on its face and state-court decisions." United States v. Cantu, 964 F.3d at 928 (quoting Mathis v. United States, 136 S. Ct. 2243, 2256 (2016)). See United States v. Johnson, 2021 WL 53338, at *20. If the statute is divisible, then a court applies the modified categorical approach, which "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Descamps v. United States, 570 U.S. 254, 257 (2013). "The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." Descamps v. United States, 570 U.S. at 257. "The state crime of conviction will qualify as a controlled substance offense only if it criminalizes no more conduct

than the offenses listed in the Guidelines." United States v. Faulkner, 950 F.3d 670, 673 (10th Cir. 2019).  Because N.M.S.A. § is divisible, the Court applies the modified categorical approach.

N.M.S.A. § 30-31-20 states:

(A)  As used in the Controlled Substances Act, "traffic" means the:

 (1)  manufacture of a controlled substance enumerated in Schedules I through V or a controlled substance analog as defined in Subsection W of Section 30-31-2 NMSA 1978;

 (2)  distribution, sale, barter, or giving away of:

  (a)  a controlled substance enumerated in Schedule I or II that is a narcotic drug;

  (b)  a controlled substance analog of a controlled substance enumerated in Schedule I or II that is a narcotic drug; or

  (c)  methamphetamine, its salts, isomers and salts of isomers; or

 (3)  possession with intent to distribute:

  (a)  a controlled substance enumerated in Schedule I or II that is a narcotic drug;

  (b)  controlled substance analog of a controlled substance enumerated in Schedule I or II that is a narcotic drug; or

  (c)  methamphetamine, its salts, isomers and salts of isomers.

N.M.S.A. § 30-31-20.  A first offense of N.M.S.A. § 30-31-20 is a second-degree felony and is punishable by nine years imprisonment.  See N.M.S.A. § 31-18-16(A)(7).  Conspiracy to commit a second-degree felony is a third-degree felony, see N.M.S.A. § 30-28-2, and is punishable by three years imprisonment, see N.M.S.A. § 31-18-16(A)(11).  N.M.S.A. § 30-31-20 criminalizes manufacture, distribution, or possession.  See N.M.S.A. § 30-31-20.  N.M.S.A. § 30-31-20 is, therefore, a divisible statute, because its "subparts describe alternative crimes as opposed to different ways of committing the same offense."  United States v. Henry, No. CV 16-0370

JB/KRS; CR 11-2660 JB, 2017 WL 6729963, at *4 (D.N.M. Dec. 31, 2018)(Browning, J.). See also United States v. Mitchell, 238 F. App'x 243, 244-45, 244 n.1 (9th Cir. 2007). See United States v. Taylor, 843 F.3d 1215, 1220 (10th Cir. 2016). Alderete pled guilty to conspiracy to commit trafficking by possession with intent (narcotic or meth), in violation of N.M.S.A. § 30-31-20(A)(3). See State of New Mexico v. Alderete, Case No. D-202-CR-2013-04193, County of Bernalillo, Second Judicial District Court, State of New Mexico (filed Sept. 6, 2013). Specifically, Alderete possessed heroin with the intent to distribute. See PSR ¶ 51, at 17. Both New Mexico law and the federal Controlled Substances Act classify heroin as a Schedule I drug. See N.M.S.A. § 30-31-6(B)(10); 21 U.S.C. § 812(b).

> Under U.S.S.G. § 4B1.2, a "controlled substance offense" means
>
> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). N.M.S.A. § 30-31-20(A)(3) is not broader than U.S.S.G. § 4B1.2. The operative language is the "possession with intent to distribute." N.M.S.A. § 30-31-20(A)(3). Because U.S.S.G. § 4B1.2(b) tracks this language -- "prohibit[ing] . . . the possession of a controlled substance . . . with intent to . . . distribute . . ." and describes additional conduct -- "with intent to manufacture, import, export, . . . or dispense," -- there is no class of conduct that N.M.S.A. § 30-31-20(A)(3) captures that is outside U.S.S.G. § 4B1.2's scope. Compare N.M.S.A. § 30-31-20(A)(3)(prohibiting "possession with intent to distribute . . . a controlled substance. . ."), with U.S.S.G. § 4B1.2(b) (""prohibit[ing] . . . the possession of a controlled substance (or a counterfeit substance) with intent manufacture, import, export, distribute, or dispense . . ."). See United States v. Faulkner, 950 F.3d at 673-74. The Court concludes, therefore, that, under the modified

categorical approach, Alderete's conviction for conspiracy to traffic controlled substances falls within the U.S.S.G. § 4B1.2(b)'s definition of a "controlled substance offense."

**IT IS ORDERED** that the Defendant's Objections to the Presentence Report, filed April 7, 2021 (Doc. 71), are overruled.

                                                                                            _____
                                                                                            UNITED STATES DISTRICT JUDGE

*Counsel*:

Fred Federici
  Acting United States Attorney
Thomas Outler
  Assistant United States Attorney
United State Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Margaret Katze
  Federal Public Defender
Mallory Gagan
  Assistant Federal Public Defender
Albuquerque, New Mexico

        *Attorney for the Defendant*